UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| ROBERT G. ELLIS, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No. 4:18-cv-00177-TWP-DML |
| | ) |
| LOUISVILLE METRO GOVERNMENT, *et al.*, | ) |
| | ) |
| | ) |
| Defendants. | ) |

## Report and Recommendation on Plaintiff's Response to Show Cause Order

In mid-August 2020, the plaintiff's counsel advised the court that they have been unable to communicate with the plaintiff. They do not know where he is; they have been unable to find him; they do not have current contact information; and the plaintiff has not contacted them. This case is set for trial in April 2021. In its order after a status conference before the undersigned on August 13, 2020, the court ordered the plaintiff's counsel to show cause why this case should not be dismissed for failure to prosecute and set a deadline for the defendants to reply. Counsel has filed their response to the show cause order, and the defendants have filed their replies.

Resolution of the plaintiff's response to the show cause order has been referred to the undersigned under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a report and recommendation. As explained below, the magistrate judge recommends that this matter be stayed for 60 days to allow plaintiff's counsel one

final opportunity to locate their client.  If, at the end of the period, the plaintiff still cannot be found, this matter should be dismissed with prejudice for failure to prosecute  Implicit in that recommendation, the magistrate judge also recommends that counsels' request that a guardian be appointed to litigate this case on Mr. Ellis's behalf be denied.

## Analysis

Plaintiff Robert G. Ellis II filed his complaint two years ago, on September 25, 2018.  He alleges that on June 30, 2017, the defendants—police officers with the Louisville Metro Police Department and the Indiana State Police—mercilessly beat and kicked him when they apprehended him after a car chase.  A television news station captured by drone/video much of the chase and its aftermath.

Mr. Ellis, according to his deposition testimony (taken February 10, 2020), has battled drug and alcohol addiction over the years (Dep. Trans., Dkt. 78-2, at pp. 26-28), and had been regularly using cocaine several times a day in the weeks before the car chase in mid-2017.  Mr. Ellis was arrested on several charges stemming from the car chase and from an earlier probation violation.  He ultimately served time in prison and was sentenced to a period of probation.  Mr. Ellis later addressed his addiction, participated in a halfway house program, and by the time of his deposition in February 2020, he had been clean and sober for quite some time. Mr. Ellis did not, however, have a permanent residence at the time and was temporarily living at an addiction recovery home.  (*Id.* at p. 68).

According to the plaintiff's counsel, they have not spoken to Mr. Ellis since May 2020, and describe him as having "disappeared." They believe Mr. Ellis will not "reappear" because "that would likely trigger a variety of consequences he may prefer to avoid." Dkt. 78 at p. 1. Counsel presumably is referring to a likelihood that Mr. Ellis's probation may be revoked, resulting in substantial prison time. Despite Mr. Ellis's disappearance and the likelihood he may not reappear, counsel want to continue to prosecute his case without him. They argue that Mr. Ellis could be declared incompetent and a guardian appointed to represent his interests under Fed. R. Civ. P. 17(c). They assert that because Mr. Ellis's "side of the story" has been explored through discovery and via the drone video, the defendants would not be prejudiced if Mr. Ellis is represented by a guardian at this stage.

The court should reject the arguments of Mr. Ellis's counsel. First, counsels' belief that the plaintiff is incompetent because of drug and alcohol addiction issues is not evidence, let alone evidence of incompetency. Indeed, plaintiff's counsel suggest that Mr. Ellis is competent, having made a rational decision not to "reappear" and participate in this case because the potential gains from participating in this case do not outweigh the potential loss of liberty to him from coming out of hiding. Second, there is no evidentiary basis on which the court could rely even to find that Mr. Ellis is incompetent within the meaning of Rule 17(c). And, importantly, no evidence could be available unless Mr. Ellis is found and examined medically and/or psychologically about his competence. *See, e.g.,* Ky. Rev. Stat. 387.540(1) (requiring interdisciplinary evaluation report by medical

3

professionals for all proceedings to determine guardianship); *Yoder v. Patla,* 2000 WL 1225476 at *3 (7th Cir. 2000) (incompetence under Rule 17(c) is determined by reference to the law of the person's domiciliary state).[1]

The desire of Mr. Ellis's counsel to vindicate Mr. Ellis's rights and punish and deter what they describe as the defendant officers' shocking abuse of police power cannot occur without Mr. Ellis participating in the case, either in person or via a representative properly appointed under Rule 17(c). Because Mr. Ellis has gone missing, according to his counsel, and there is no evidentiary basis for a finding that he is incompetent, it is not possible to appoint a guardian.

## Conclusion

The magistrate judge reports and recommends as follows:

The court should allow an additional period for the plaintiff's counsel to find Mr. Ellis and for him to participate in this case. The magistrate judge recommends that this matter be stayed for a period of 60 days, after which the plaintiff's counsel must report whether they have found Mr. Ellis and he will prosecute his claims. If, at that time, Mr. Ellis is still missing or not desirous of prosecuting his claims, Mr. Ellis's complaint should be dismissed with prejudice for failure to prosecute.

Any objections to this report and recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within 14 days after service will constitute a waiver of subsequent review absent a

---

[1] Mr. Ellis was last known to live in Kentucky.

showing of good cause for that failure. Counsel should not anticipate any extension of this deadline or any other related briefing deadline.

 IT IS SO RECOMMENDED.

Dated: October 1, 2020

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system